20-2337-pr
Schlosser v. Kwak

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

August Term, 2020

(Submitted: May 24, 2021          Decided: November 2, 2021)

Docket No. 20-2337

_____

JEFFREY SCHLOSSER,

*Plaintiff-Appellant*,

v.

HUNCHU KWAK, JUDGE, INDIVIDUAL CAPACITY, KATHLEEN MCNAMARA, JUDGE, INDIVIDUAL CAPACITY, ANN LYNCH, JUDGE, INDIVIDUAL CAPACITY, OMAR WILLIAMS, JUDGE, INDIVIDUAL CAPACITY, DAVID CARLUCCI, PROSECUTING ATTORNEY, INDIVIDUAL CAPACITY, CHARITY HEMINGWAY, ASSISTANT PUBLIC DEFENDER, INDIVIDUAL CAPACITY, MILTON WALSH, ASSISTANT SUPERVISORY PUBLIC DEFENDER, INDIVIDUAL CAPACITY, PAT CALLAHAN, CHIEF PROBATION OFFICER, INDIVIDUAL CAPACITY, CHANNON ELZIA, PROBATION OFFICER, INDIVIDUAL CAPACITY, MIRIAM MENDOZA, PROBATION OFFICER, INDIVIDUAL CAPACITY, JEFFREY MEHIAS, CHIEF PROBATION OFFICER, INDIVIDUAL CAPACITY, DOE, CHIEF STATES ATTORNEY, INDIVIDUAL CAPACITY, DOE, DEPUTY CHIEF STATES ATTORNEY, INDIVIDUAL CAPACITY, DOE, STATES ATTORNEY, INDIVIDUAL CAPACITY, ADAM B. SCOTT, ASSISTANT SUPERVISORY STATES ATTORNEY, INDIVIDUAL CAPACITY, SARAH GREENE, PROSECUTING ATTORNEY, INDIVIDUAL CAPACITY, DOE, CHIEF PUBLIC DEFENDER, INDIVIDUAL CAPACITY, DOE, DEPUTY CHIEF PUBLIC DEFENDER, INDIVIDUAL CAPACITY, DOE, PUBLIC DEFENDER, INDIVIDUAL CAPACITY, DOE, EXECUTIVE DIRECTOR CSSD, INDIVIDUAL CAPACITY, DOE, DIRECTOR CSSD

ADULT PROBATION, OFFICIAL CAPACITY, DEPUTY DIRECTOR CSSD
ADULT PROBATION, OFFICIAL CAPACITY, DOE, REGIONAL
MANAGER CSSD ADULT PROBATION, OFFICIAL CAPACITY,

*Defendants-Appellees*.[*]

--------------------------------

Before:

LEVAL, LOHIER, and SULLIVAN, *Circuit Judges*.

Jeffrey Schlosser, pro se and incarcerated in a Connecticut state prison, filed this action under 42 U.S.C. § 1983, asserting claims against the judges, prosecutors, public defenders, and probation officers who were involved in his criminal case and confinement.  The United States District Court for the District of Connecticut (Underhill, C.J.) dismissed all of Schlosser's claims.  On appeal, Schlosser principally contends that the District Court erred in dismissing his claim under 42 U.S.C. § 290dd-2(a)—which requires that substance abuse treatment records be kept confidential—on the ground that § 290dd-2(a) does not create personal rights enforceable in an action under § 1983.  We **AFFIRM**.

Jeffrey Schlosser, *pro se*, Cheshire, CT

Clare Kindall, Solicitor General, Steven R. Strom and Leland J. Moore, Assistant Attorneys General, Hartford, CT, *for* William Tong, Attorney General of the State of Connecticut, *for Amicus Curiae* the State of Connecticut, *in support of affirmance*

--------------------------------

[*] The Clerk of Court is respectfully directed to amend the official caption as set forth above.

LOHIER, *Circuit Judge*:

In this action under 42 U.S.C. § 1983, Jeffrey Schlosser, pro se and incarcerated in a Connecticut state prison, appeals from a July 17, 2020 judgment of the United States District Court for the District of Connecticut (Underhill, C.J.) that dismissed his complaint against several Connecticut state judges, prosecutors, public defenders, and probation officers. The case arose largely from Schlosser's various probation violations, for which a Connecticut state court judge sentenced him to five years' imprisonment. In the operative complaint, Schlosser asserted that the state defendants violated rights guaranteed to him by the United States Constitution and a number of federal and state statutes and regulations. After conducting an initial screening, see 28 U.S.C. § 1915A(a), the District Court dismissed the complaint pursuant to 28 U.S.C. § 1915A(b).

Although he pursued several claims below, on appeal Schlosser only challenges the dismissal of one claim, which relates to the probation officer defendants' public disclosure of sensitive information about his substance abuse treatment. Schlosser claims this disclosure violated his rights under 42

U.S.C. § 290dd-2(a).[1]  For the reasons that follow, we **AFFIRM** the judgment of the District Court.

                              **BACKGROUND**

    I.    Factual Background

    The following facts are drawn from Schlosser's complaint and are assumed to be true for purposes of our de novo review of the District Court's judgment dismissing the complaint for failure to state a claim upon which relief can be granted.  See Grullon v. City of New Haven, 720 F.3d 133, 136 (2d Cir. 2013).  In 2014 Schlosser was released on probation after having served a term of imprisonment in a Connecticut state prison.  While on probation, Schlosser ran out of medication to treat his mental illness and

---

[1] Although Schlosser listed as an issue on appeal whether "appellant Schlosser [was] correct in using a 1983 action versus habeus petition to correct his violation of probation convictions and the subsequent injury of incarceration he[] [has] suffered," Appellant Br. at 7, the only argument he makes in his brief on this issue is a point heading that reads "Using a 42 USC 1983 action v habeus petition," id. at 14. A vague sentence fragment that notes an issue without advancing an argument relating to that issue is ordinarily not sufficient to preserve an argument on appeal. See Norton v. Sam's Club, 145 F.3d 114, 117 (2d Cir. 1998) (holding that "an argument made only in a footnote [i]s inadequately raised for appellate review," as are arguments made by "merely incorporating by reference an argument presented to the district court" or by "stating an issue without advancing an argument."). Schlosser has therefore abandoned the argument that the District Court improperly dismissed the § 1983 claim that was premised on the contention that his conviction and sentence are illegitimate.

4

turned to "illegal substances to deal with the withdrawals." Schlosser's state probation officer, Channon Elzia, referred him to Connecticut Counseling Centers (CCC) for substance abuse treatment, but the treatment failed and his drug use resumed. Elzia and fellow probation officer Pat Callahan then signed and submitted an affidavit, which stated that Schlosser had violated the terms of his probation and disclosed information about Schlosser's substance abuse treatment at CCC. The affidavit soon led to proceedings against Schlosser in state court for violating the terms of his probation. Schlosser admitted to violating probation in April 2017.

Schlosser was released on probation in October 2017, but he was later again charged with violating probation. Rather than proceed to a violation-of-probation hearing, however, Schlosser admitted the violation and accepted an offer of three years in prison. Judge Williams, the state court judge at Schlosser's sentencing, ignored the three-year plea deal, however, and instead sentenced him to a term of five years' imprisonment.

II.   Procedural History

Schlosser originally asserted several claims under § 1983, but he appeals only the dismissal of his claim that his rights under 42 U.S.C.

5

§ 290dd-2(a) were violated by the public disclosure of information about his substance abuse treatment. As required by the Prison Litigation Reform Act, the District Court reviewed Schlosser's pro se complaint to ensure that it contained cognizable claims. See 28 U.S.C. § 1915A(a). In an initial review order, the District Court dismissed the complaint, concluding in relevant part that § 290dd-2(a) does not create personal rights enforceable in an action under § 1983.

Because Schlosser's claims were dismissed pursuant to 28 U.S.C. § 1915A, the named state defendants were never served. The State of Connecticut, through its Office of the Attorney General, advised this Court that because of the lack of service, the state defendants would not participate in the appeal but remained willing to submit an amicus brief. At our invitation, the Attorney General filed a brief as amicus curiae to address various issues implicated by this appeal.

**DISCUSSION**

We review the dismissal of a complaint under 28 U.S.C. § 1915A de novo, "accept[ing] all of the facts alleged in the complaint as true and draw[ing] all inference in the plaintiff's favor." Harnage v. Lightner, 916 F.3d

6

138, 140–41 (2d Cir. 2019) (quotation marks omitted).  "We must reverse a district court's dismissal pursuant to § 1915A whenever a liberal reading of the complaint gives any indication that a valid claim might be stated."  Id. at 141 (quotation marks omitted).  The complaint must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Schlosser argues that, contrary to the District Court's ruling, § 290dd-2(a) creates personal rights enforceable in an action under § 1983.  A plaintiff who seeks "redress through § 1983 . . . must assert the violation of a federal right, not merely a violation of federal law."  Blessing v. Freestone, 520 U.S. 329, 340 (1997).  In determining whether a statutory provision such as § 290dd-2(a) creates personal rights enforceable in an action under § 1983, we consider three factors.  "First, Congress must have intended that the provision in question benefit the plaintiff."  Id.  The statute's text reflects an intent to create personal rights to benefit the plaintiff only if it uses "rights-creating language," meaning "language that demonstrates a statutory focus on the needs of an individual, rather than the operations of the regulated entity."  N.Y. State Citizens' Coal. for Child. v. Poole, 922 F.3d 69, 78 (2d Cir. 2019)

7

(citing Gonzaga Univ. v. Doe, 536 U.S. 273, 287–88 (2002)); see also Gonzaga Univ., 536 U.S. at 284 & n.3 (statutes "phrased in terms of the persons benefited" reflect an intent to create personal rights). Second, the right must not be "so vague and amorphous that its enforcement would strain judicial competence." Blessing, 520 U.S. at 340–41 (quotation marks omitted). And third, "the statute must unambiguously impose a binding obligation on the States," meaning that the right is phrased "in mandatory, rather than precatory, terms." Id. at 341.

We begin with the text of § 290dd-2(a), which provides:

> Records of the identity, diagnosis, prognosis, or treatment of any patient which are maintained in connection with the performance of any program or activity relating to substance abuse education, prevention, training, treatment, rehabilitation, or research, which is conducted, regulated, or directly or indirectly assisted by any department or agency of the United States shall . . . be confidential and be disclosed only for . . . purposes and under . . . circumstances [not relevant here].

42 U.S.C. § 290dd-2(a) (2016). "Except as authorized by a court order," the records covered by § 290dd-2(a) may not "be used to initiate or substantiate

any criminal charges against a patient or to conduct any investigation of a patient." Id. § 290dd-2(c).[2]

Both the Fourth and Sixth Circuits have considered the question presented here and held that § 290dd-2(a) does not confer upon patients who receive substance abuse treatment a personal right to confidentiality enforceable in an action under § 1983. See Doe v. Broderick, 225 F.3d 440, 449 (4th Cir. 2000); Ellison v. Cocke Cnty., 63 F.3d 467, 471–72 (6th Cir. 1995). The Seventh Circuit, for its part, has never specifically addressed whether the statute creates personal rights enforceable in an action under § 1983, but has held that § 290dd-2(a) does not include an implied private right of action. See Chapa v. Adams, 168 F.3d 1036, 1037–38 (7th Cir. 1999).

We agree with those circuits, and we similarly hold that § 290dd-2(a) does not itself confer upon patients who receive substance abuse treatment a personal right to confidentiality enforceable in an action under § 1983. "[N]othing in the text of section 290dd-2 . . . indicate[s] that Congress had in

---

[2] While this action was pending, Congress amended § 290dd-2, including by expanding the types of proceedings in which such records may not be used or disclosed. See Coronavirus Aid, Relief, and Economic Security (CARES) Act, Pub. L. No. 116-136, § 3221(e), 134 Stat. 281, 377 (2020). Unless otherwise noted, the quoted portions of the statute were materially unchanged by the amendment.

mind the creation of individual rights." Doe, 225 F.3d at 448. The provision does not "focus on the needs of the individual," N.Y. State Citizens' Coal. for Child., 922 F.3d at 78, as it would if, for example, it "provid[ed] patients with the right to maintain the privacy of their records," Doe, 225 F.3d at 448. Instead, § 290dd-2(a) "establishes a broad proscription against the disclosure of substance abuse treatment records maintained not only for rehabilitation but [also] for education, training, and research." Id. For instance, under § 290dd-2(b), courts may authorize disclosure only when the "public interest and the need for disclosure" outweigh "the injury to the patient, to the physician-patient relationship, and to the treatment services." 42 U.S.C. § 290dd-2(b)(2)(C) (emphasis added). The statutory language thus "suggests that Congress was concerned primarily with fostering programs aimed at curtailing our nation's staggering substance abuse problems." Doe, 225 F.3d at 449; see also Ellison, 63 F.3d at 470–71. The confidentiality provision "encourages voluntary participation in such programs" on the part of drug users and benefits the public; it does not create a personal right to privacy. Doe, 225 F.3d at 449.

Our conclusion is "buttressed by the mechanism that Congress chose to provide for enforcing" § 290dd-2(a). Gonzaga Univ., 536 U.S. at 289. In the terms of the statute, Congress expressly provided criminal sanctions for violations, see 42 U.S.C. § 290dd-2(f) (2016),[3] but made no mention of any private enforcement mechanism. The Supreme Court historically has been unreceptive to inferring a private right of action from a "bare criminal statute," apparently because criminal statutes are usually designed to afford protection to the general public, as opposed to a discrete, well-defined group or individual. Doe, 225 F.3d at 447–48. Thus, while "[p]ersonal rights could in principle be derived from criminal statutes," Chapa, 168 F.3d at 1038, courts normally infer a private right of action from a criminal statute only if the relevant factors weigh with force in that direction. Here they do not.

---

[3] The CARES Act amended § 290dd-2 to incorporate the penalty provisions of the Health Insurance Portability and Accountability Act (HIPAA). See CARES Act § 3221(f), 134 Stat. at 377. HIPAA provides for administrative enforcement by the Secretary of Health and Human Services, see 42 U.S.C. § 1320d-5(a), (c), and enforcement by State attorneys general in civil actions, see id. § 1320d-5(d), in addition to criminal enforcement, see id. § 1320d-6. Because neither party contends that the amendment applies retroactively, we do not consider whether it would affect our conclusion.

# CONCLUSION

We have considered Schlosser's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.