20-3418-cv
Williams v. MTA Metro N. R.R.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of April, two thousand twenty-two.

PRESENT: GUIDO CALABRESI,
GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*.

------------------------------------------------------------------

DERICK LOUIS WILLIAMS,

*Plaintiff-Appellant*,

v.                                                           No. 20-3418-cv

MTA METRO NORTH RAILROAD, AT NORTH WHITE PLAINS; KEVIN ROGERS, TREVOR HARVARD, FOREMAN, MICK KEITT, FOREMAN, DANIEL KNAUTH, ALLEN ROSSNEY,

*Defendants-Appellees*.

------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT: Derick Louis Williams, *pro se*, Bronx, NY

FOR DEFENDANTS-APPELLEES: Jennifer A. Mustes, *for* Susan Sarch, Vice-President and General Counsel, Metro-North Commuter Railroad, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Kenneth M. Karas, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Derick Williams, proceeding pro se, appeals from the judgment of the United States District Court for the Southern District of New York (Karas, J.) dismissing his claims under the Federal Railroad Safety Act ("FRSA"), 49 U.S.C. § 20109 et seq., Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 et seq. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

"The following facts are drawn from [Williams's] complaint and are

assumed to be true for purposes of our de novo review of the District Court's judgment dismissing the complaint for failure to state a claim upon which relief can be granted." Schlosser v. Kwak, 16 F.4th 1078, 1080 (2d Cir. 2021).

Williams worked for Metro-North Railroad until he was fired in 2018. In November 2016 Williams was charged with misconduct and not permitted to go to work for a week. After Metro-North held a hearing on the misconduct charge, Williams was eventually suspended for 20 days and also received a 25-day deferred suspension. When he returned to work from his suspension, Williams was temporarily detained by Metro-North security guards and the police as they determined whether he was permitted on the premises. Almost a year later, in 2018, Williams was subjected to racial slurs uttered by a co-worker during an argument at work. Metro-North temporarily removed both Williams and the co-worker from service, and, after conducting an investigation, fired Williams.

In three actions that were eventually consolidated, Williams sued Metro-North and individual defendant employees, alleging discrimination and retaliation under Title VII, the NYSHRL, and the FRSA, as well as violations of his due process rights under the Fourteenth Amendment. Williams also filed

three charges with the New York State Division of Human Rights ("NYSDHR"), which investigated the charges, determined in each case that there was no probable cause, and dismissed the cases on the merits.

Metro-North moved to dismiss the consolidated federal action for lack of subject matter jurisdiction and failure to state a claim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and the District Court granted the motion. To start, the District Court dismissed Williams's Title VII claims against the individual defendants because the statute applies only to employers, not individual employees. In addition, the District Court dismissed Williams's (1) Title VII claims against Metro-North because his complaint inadequately alleged discriminatory intent or retaliation, (2) due process claims because his collective bargaining agreement provided sufficient procedural protections, and (3) claim under the FRSA for failure to allege retaliatory intent or a hazardous safety or security condition. Lastly, the District Court concluded that it lacked the authority to rehear Williams's claims under the NYSHRL because the NYSDHR had already dismissed the claims on the merits.[1]

---

[1] The District Court also granted a motion to dismiss a consolidated action brought by Williams against his union and union officers. We previously dismissed Williams's appeal of those claims. See Williams v. Transport Workers Union of Am., No. 20-3561

"[W]e liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." McLeod v. Jewish Guild for the Blind, 864 F.3d 154, 156 (2d Cir. 2017) (quotation marks omitted). But pro se appellants must still comply with Federal Rule of Appellate Procedure 28(a), which requires briefs to be concise and include, among other things, headings, a statement of the case, and an argument. See Moates v. Barkley, 147 F.3d 207, 209 (2d Cir. 1998) (citing Fed. R. App. P. 28(a)); see also 2d Cir. R. 28.1(a) ("A brief must be concise, logically arranged with proper headings, and free of irrelevant matter. A court may disregard a brief that does not comply with this rule."). And although "appellate courts generally do not hold pro se litigants" quite as "rigidly to the formal briefing standards set forth in" Rule 28 as we do counseled litigants, "we need not manufacture claims of error for an appellant proceeding pro se, especially when he has raised an issue below and elected not to pursue it on appeal." LoSacco v. City of Middletown, 71 F.3d 88, 93 (2d Cir. 1995).

On appeal, Williams raises no arguments in his opening or reply briefs. Instead, he provides documents that are mostly related to the district court

(2d Cir. Feb. 11, 2021).

5

proceedings—including transcripts, workplace policies, postage receipts, and other trial court records. This collection of documents fails to comply even minimally with Rule 28(a), as it contains no argument identifying any claim of error on the District Court's part. "[W]e need not manufacture" such an argument ourselves. Id.; see also Terry v. Inc. Vill. of Patchogue, 826 F.3d 631, 632–33 (2d Cir. 2016) ("Although we accord filings from pro se litigants a high degree of solicitude, even a litigant representing himself is obliged to set out identifiable arguments in his principal brief." (quotation marks omitted)). In short, because Williams did not file a brief that raised any arguments relevant to the District Court's dismissal of his claims, he has forfeited any argument that the District Court erred in dismissing his claims.

Finally, Williams failed to file an amended complaint after the District Court warned him that failure to do so would result in dismissal of his claims with prejudice. The District Court's subsequent dismissal of his claims with prejudice was therefore proper.[2] See Horoshko v. Citibank, N.A., 373 F.3d 248,

---

[2] We note that Williams appears to have challenged the dismissal with prejudice in his notice of appeal. See Notice of Civil Appeal at 3, 2d Cir. 20-3418 ("Kenneth M Karas could have order me to amend like he order me to consolidate[.] Judge Kenneth gave me no choice at all . . . ."). However, Williams's notice of appeal also acknowledges that Williams "had nothing new to add to [the] original complaint." Id.

249 (2d Cir. 2004).

We have considered Williams's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
