21-2465-cv
VeroBlue Farms USA Inc. v. Canaccord Genuity LLC

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of June, two thousand twenty-two.

PRESENT: ROSEMARY S. POOLER,
RAYMOND J. LOHIER, JR.,
WILLIAM J. NARDINI,
*Circuit Judges*.

------------------------------------------------------------------

VEROBLUE FARMS USA INC.,

*Plaintiff-Appellant*,

v.                                                                 No. 21-2465-cv

CANACCORD GENUITY LLC,

*Defendant-Appellee*.

------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:              JEFFREY R. BABBIN, Wiggin and
                                      Dana LLP, New Haven, CT
                                      (Michael Rondon, Wiggin and
                                      Dana LLP, Hartford, CT,

Robert H. Lang, Thompson Coburn LLP, Chicago, IL, *on the brief*)

FOR DEFENDANT-APPELLEE: JOSEPH R. PALMORE, Morrison & Foerster LLP, Washington, DC (Adam L. Sorensen, Morrison & Foerster LLP, Washington, DC, Eric D. Lawson, Lena H. Hughes, Morrison & Foerster LLP, New York, NY, Anthony S. Fiotto, Morrison & Foerster LLP, Boston, MA, *on the brief*)

Appeal from a judgment of the United States District Court for the Southern District of New York (John P. Cronan, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

VeroBlue Farms USA Inc. ("VBF") appeals from the judgment of the United States District Court for the Southern District of New York (Cronan, J.) dismissing its claims that Canaccord Genuity LLC ("Canaccord") concealed flaws in VBF's technology from VBF and its investors. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

VBF, an indoor fish farm business, was founded by Leslie Wulf, Bruce Hall, James Rea, John "Ted" Rea, and Keith Driver (the "Founders").[1] In 2015 VBF retained Canaccord, an investment bank, as a placement agent to help it raise debt and equity. Thereafter, Canaccord and at least one of the Founders co-authored a marketing presentation about VBF's business, which it sent to "an aquaculture consultant and investor who performed diligence on VBF in regards to a possible investment by his firm or other firms." App'x 106. The consultant, who "had extraordinary expertise in the . . . aquaculture industry," App'x 106, observed that the marketing presentation contained "multiple significant errors in the numbers and weaknesses in the assumptions, all of which over-inflate the economics and understate the risks," App'x 292; see also App'x 107. Canaccord forwarded these observations from the aquaculture consultant to VBF's Chief Executive Officer, who in turn forwarded them to the other Founders.

VBF alleges that Canaccord joined with the Founders to conceal the errors

---

[1] "The following facts are drawn from [VBF's] complaint and are assumed to be true for purposes of our de novo review of the District Court's judgment dismissing the complaint for failure to state a claim upon which relief can be granted." Schlosser v. Kwak, 16 F.4th 1078, 1080 (2d Cir. 2021).

3

identified by the consultant relating to VBF's core technology and also sought to misrepresent VBF's financial metrics and performance. VBF further alleges that the Founders separately misappropriated VBF's assets by draining and looting the company. According to VBF, although Canaccord did not directly help the Founders misappropriate the company's assets, the Founders "were able to procure these misappropriations because of the stream of fraudulent misrepresentations created or furthered by Canaccord and the Founders, and through the concealment of material facts by Canaccord and the Founders." App'x 69.

In 2016 Canaccord demanded $4.3 million from VBF in connection with a payment dispute relating to VBF's retention of Canaccord. Thereafter, Canaccord and VBF, each represented by counsel, entered into a settlement agreement and mutual release ("Mutual Release"), governed by New York law, that terminated an earlier engagement agreement, released Canaccord from liability in connection with its work for VBF, and required VBF to pay Canaccord $475,000. The Mutual Release broadly released Canaccord "from and against any and all claims . . . of every nature, whether based upon tort, contract, or any other theory of recovery, whether known or unknown . . . based upon . . . the

4

services that Canaccord provided to VeroBlue." App'x 365.

In the action before us, VBF filed a Fourth Amended Complaint asserting nine claims against Canaccord.[2] Canaccord moved to dismiss the claims against it, and both Canaccord and VBF moved for sanctions. The District Court granted Canaccord's motion to dismiss, denied both sanctions motions, and denied VBF leave to amend.

We conclude that the District Court correctly dismissed VBF's claims as barred by the Mutual Release.[3] Under New York law, "a valid release constitutes a complete bar to an action on a claim which is the subject of the release" and "may encompass unknown claims, including unknown fraud claims, if the parties so intend and the agreement is fairly and knowingly made." Centro Empresarial Cempresa S.A. v. Am. Móvil, S.A.B. de C.V., 17 N.Y.3d 269,

---

[2] The nine claims were as follows: (1) Aiding and abetting the Founders' breaches of fiduciary duties, (2) aiding and abetting the Founders' fraudulent concealment, (3) aiding and abetting the Founders' fraudulent misrepresentations, (4) conspiracy to breach the Founders' fiduciary duties, (5) conspiracy to defraud VBF, (6) negligent misrepresentation, (7) fraudulent concealment, (8) unjust enrichment, and (9) rescission and/or a declaratory judgment. See App'x 242–68.

[3] Because we affirm based on the Mutual Release, we do not consider the other grounds upon which the District Court dismissed VBF's claims.

5

276 (2011) (quotation marks omitted).

The Mutual Release is broad: it covers "any and all claims . . . of every nature . . . whether known or unknown" that relate to "the services that Canaccord provided to VeroBlue." App'x 365. The parties do not dispute that VBF's claims fall within the scope of the release.[4] VBF argues, however, that the Mutual Release does not bar its claims because (1) there was a separate fraud by the Founders on VBF that renders the release voidable, and (2) enforcing the release would be inequitable. Both arguments fail.

"[A] party that releases a fraud claim may later challenge that release as fraudulently induced only if it can identify a separate fraud from the subject of the release." Centro, 17 N.Y.3d at 276. New York courts, however, require that the "separate fraud" occur between the parties to the contract, not between a party (here, VBF) and its own agents (here, the Founders). See Lodhi v. Stewart's Shops Corp., 861 N.Y.S.2d 160, 162 (3d Dep't 2008) ("To invalidate a contract, however, the alleged fraud must be between the parties to the contract or release, not between a party and his or her agent."); Nash v. Y & T Distribs.,

---

[4] Before the District Court, VBF argued that the Mutual Release did not cover its claims. VBF has abandoned that argument on appeal. See Cruz v. Gomez, 202 F.3d 593, 596 n.3 (2d Cir. 2000).

6

616 N.Y.S.2d 402, 403 (2d Dep't 1994) ("[The alleged fraud] is not the type of fraud which would invalidate the settlement, since it is fraud between a party to the settlement and her agent, and not between the parties to the contract."). Therefore, the Founders' alleged fraud on VBF—which Canaccord was not directly involved with—cannot invalidate the release between Canaccord and VBF.

VBF also argues that enforcing the Mutual Release is inequitable because of "overreaching or unfair circumstances." Mangini v. McClurg, 24 N.Y.2d 556, 567 (1969). VBF forfeited this argument by not raising it below. See Doe v. Trump Corp., 6 F.4th 400, 409–10 (2d Cir. 2021). In any event, VBF and Canaccord were sophisticated entities represented by counsel when they executed the Mutual Release; VBF "made such investigation of the facts pertaining to the releases . . . as it deem[ed] necessary," App'x 365–66; and VBF secured a benefit in exchange for its release, namely, it paid only a fraction of Canaccord's initial demand and it also obtained a release of claims by Canaccord. And VBF has acknowledged that Canaccord did not directly aid, abet, or conspire in the Founders' misappropriations. Under New York law, and under these circumstances, it was not inequitable to enforce the Mutual Release. See,

7

e.g., Electron Trading, LLC v. Morgan Stanley & Co., 69 N.Y.S.3d 633, 636 (1st Dep't 2018).

Finally, the District Court did not abuse its discretion when it denied VBF leave to amend. VBF already had an opportunity to amend its complaint in response to Canaccord's defenses, but it fails to identify additional facts it could plead that would avoid the consequence of the Mutual Release. See Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993).

We have considered VBF's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8