22-419-cv
*Ogbolu v. The Trustees of Columbia University*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of March two thousand twenty-three.

PRESENT:
> REENA RAGGI,
> RICHARD C. WESLEY,
> STEVEN J. MENASHI,
> *Circuit Judges.*

─────────────────────────────────────

Brandon E. Ogbolu,

> *Plaintiff-Appellant,*

John Doe,                                                     22-419

> *Plaintiff,*

> v.

The Trustees of Columbia University in the City of New York, Lee C. Bollinger, Jane E. Booth, Patricia S. Catapano, Andrew W. Schilling,

> *Defendants-Appellees.*

─────────────────────────────────────

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Brandon E. Ogbolu, pro se, Fort Lauderdale, FL. |
| **FOR DEFENDANTS-APPELLEES:** | Daniel R. Alonso and Brian J. Wegrzyn, Buckley LLP, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Oetken, J).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court of January 31, 2022, is **AFFIRMED.**

Appellant Brandon E. Ogbolu, proceeding *pro se*, filed a complaint against certain employees and trustees of Columbia University (collectively, "Columbia"). While attending Columbia University, Ogbolu accumulated tuition debt that was converted into two private student loans after he graduated, a practice Ogbolu believes was illegal.

In 2019, he entered into a settlement agreement with Columbia for a refund of $35,799.80 and an undisclosed payment. The agreement contained a release of claims: "In consideration of the Settlement Payment and Refund, Mr. Ogbolu releases and discharges Columbia, its affiliates, subsidiaries, successors and assigns and its and their present and former trustees, officers, employees, and counsel (Released Parties) from any and all claims and/or liabilities of any kind whatsoever, whether known or unknown, that he has or may have arising out of or relating in any way to the Covered Claims." App'x 13. The "Covered Claims" included "claims for compensatory and punitive damages, and including specifically claims for the return of funds, late fees, interest, emotional distress,

2

lost earnings, medical expenses, and attorney's fees, among other things," with respect to "certain repayment agreements" and "certain improper servicing, collection and credit reporting activity" from January 1, 2002, to October 29, 2019. *Id.* at 12.

In February 2021, Ogbolu—believing that the settlement agreement was unenforceable and that Columbia had discriminated against him on the basis of his Asperger's syndrome—brought thirty-three federal and state claims against the defendants. The district court determined that the settlement agreement was enforceable and that any non-precluded claims failed on the merits. It dismissed Ogbolu's third amended complaint with prejudice and denied a parallel motion for an injunction. Ogbolu appealed and now moves in this court for an injunction pending appeal. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the judgment granting a motion to dismiss under Rule 12(b)(1) and Rule 12(b)(6) *de novo*, accepting all of the factual allegations of the complaint as true and drawing all reasonable inferences in Ogbolu's favor. *Fund Liquidation Holdings LLC v. Bank of Am. Corp.*, 991 F.3d 370, 379-80 (2d Cir. 2021). To survive a Rule 12(b)(6) motion, a complaint must contain sufficient facts to state a claim to relief that is plausible on its face. *Green v. Dep't of Educ. of N.Y.C.*, 16 F.4th 1070, 1076-77 (2d Cir. 2021). Because Ogbolu has proceeded *pro se*, we liberally construe his filings both in the district court and on appeal to raise the strongest arguments those filings suggest. *Publicola v. Lomenzo*, 54 F.4th 108, 111 (2d Cir. 2022).

**I**

As an initial matter, Ogbolu argues that the district court failed to "define" and "conceptualize" his Asperger's syndrome, which he claims was integral to his lawsuit. Appellant's Br. 20-30. Ogbolu alleged that Columbia took advantage of him throughout the settlement negotiation process and then continued intentionally to exploit him following the settlement. However, the district court

3

did not ignore Ogbolu's Asperger's syndrome. For example, the district court considered whether during the lengthy settlement negotiations Columbia deliberately triggered his condition by using stall tactics. The district court also noted that Ogbolu notified the defendants of his self-diagnosis during settlement discussions in October 2019 and that he was officially diagnosed in January 2021. While the district court may not have included detailed descriptions of Ogbolu's medical information in its public decision, the record indicates that the district court examined Ogbolu's arguments and claims with his diagnosis in mind.

## II

In dismissing Ogbolu's complaint, the district court concluded that a majority of the claims were precluded by the valid settlement agreement between Ogbolu and Columbia.

We "review a district court's factual conclusions related to a settlement agreement, such as whether an agreement exists or whether a party assented to the agreement, under the clearly erroneous standard of review" and review "legal conclusions with respect to its interpretation of the terms of a settlement agreement" *de novo*. *Omega Eng'g, Inc. v. Omega, S.A.*, 432 F.3d 437, 443 (2d Cir. 2005). "A settlement agreement is a contract that is interpreted according to general principles of contract law." *Id*. "Under New York law, a release that is clear and unambiguous on its face and which is knowingly and voluntarily entered into will be enforced." *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 463 (2d Cir. 1998).

The district court did not clearly err in determining that the settlement agreement was enforceable.[1] A court may vacate a settlement agreement only

---

[1] The settlement agreement was "integral" to the complaint and thus properly considered by the district court as part of the motion to dismiss. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002); *see Interpharm, Inc. v. Wells Fargo Bank, Nat. Ass'n*, 655 F.3d 136, 141 (2d Cir. 2011) (reviewing an agreement containing releases as "integral to the complaint").

when there has been a showing of fraud, collusion, mistake, or duress or when the agreement is unconscionable, contrary to public policy, or ambiguous. *McCoy v. Feinman*, 99 N.Y.2d 295, 302 (2002). Ogbolu's duress and fraud arguments are without merit. Repudiation of an agreement based on duress requires a showing of (1) a wrongful threat that (2) had the effect of precluding the exercise of free will. *United States v. Twenty Miljam-350 IED Jammers*, 669 F.3d 78, 88 (2d Cir. 2011) (applying New York law). Ogbolu alleged that Columbia manipulated him during settlement negotiations and took advantage of his Asperger's syndrome by engaging in stall tactics, such as ignoring Ogbolu's emails and sending delayed responses. Even accepting as true Ogbolu's allegations that Columbia ignored or failed to respond promptly to his emails, he does not plead that Columbia prevented him from exercising his free will. As to Ogbolu's claims of fraud, the claims all refer to Columbia's student loan practices. Ogbolu does not identify any fraudulent acts separate from the "subject of the release." *Centro Empresarial Cempresa S.A. v. Am. Movil, S.A.B. de C.V.*, 17 N.Y.3d 269, 276 (2011).[2] Thus, the district court correctly determined that the settlement agreement and its release of claims were valid.

Many of Ogbolu's claims are premised on Columbia's allegedly illegal conversion of outstanding tuition debt into student loans. As the district court correctly determined, however, Ogbolu released Columbia from these claims through the valid settlement agreement, *see* App'x 12-13, and otherwise lacks standing to bring a criminal action, *see Schlosser v. Kwak*, 16 F.4th 1078, 1083 (2d Cir. 2021). For these reasons, the district court correctly dismissed Counts 1-15 and 28-32 of the third amended complaint as precluded by the settlement agreement and Counts 16-22, insofar as the claims relate to conduct covered by the agreement.

---

[2] Although Ogbolu argues on appeal that the agreement should be voided for public policy concerns, he has not specified any public interest, which generally favors settlement agreements, harmed by the agreement.

5

## III

With respect to Ogbolu's remaining tort and discrimination claims that arise from Columbia's alleged actions during and after the settlement process, Ogbolu has not pleaded any facially plausible claims. Ogbolu does not plead facts suggesting that Columbia discriminated against him "on the basis of disability," *Krist v. Kolombos Rest., Inc.*, 688 F.3d 89, 94 (2d Cir. 2012) (quoting 42 U.S.C. § 12182(a)), or acted with a "discriminatory motive," *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 (2d Cir. 2013). Ogbolu has not plausibly alleged that any of Columbia's reported actions occurred on the basis of his Asperger's syndrome.

Ogbolu also alleges that Columbia is liable for intentional infliction of emotional distress and negligent infliction of emotional distress. The conduct underlying both of these claims is the incorrect tax form that Columbia sent Ogbolu, which was corrected after he notified them about the mistake. Ogbolu has not plausibly alleged the elements of either of these claims. The conduct at issue was not "extreme and outrageous," *Howell v. N.Y. Post Co., Inc.*, 81 N.Y.2d 115, 121 (1993), and Ogbolu's claimed injury does not possess "some guarantee of genuineness," *Taggart v. Costabile,* 131 A.D.3d 243, 256 (2d Dep't 2015) (quoting *Ferrara v. Galluchio*, 5 N.Y.2d 16, 21 (1958)).[3]

Finally, we detect no "abuse of discretion" in the district court's denial of preliminary injunctive relief. *Green Haven Prison Preparative Meeting of the Religious Soc'y of Friends v. N.Y. State Dep't of Corr. & Cmty. Supervision*, 16 F.4th 67, 78 (2d Cir. 2021). A plaintiff seeking a preliminary injunction must establish (1) irreparable harm; (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of hardships tipping decidedly in favor of the

---

[3] Because Ogbolu did not establish that Columbia committed a tort, his negligent supervision or retention claims were also correctly dismissed.

moving party; and (3) that a preliminary injunction is in the public interest. *Id.* As discussed above, the district court correctly concluded that Ogbolu would not succeed on the merits of his claims and that there were no sufficiently serious questions going to the merits of this case. The motion filed in this court for a "Preliminary Injunction Pending the Determination of This Appeal," is denied for the same reasons.

We have considered Ogbolu's remaining arguments, which we conclude are without merit. Accordingly, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court