23-649-pr
Schlosser v. Kwak

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of January, two thousand twenty-four.

PRESENT:
> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> RAYMOND J. LOHIER, JR.,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

_____

Jeffrey Schlosser,

> *Plaintiff-Appellant,*

> 23-649

> v.

Hunchu Kwak, Judge, Individual Capacity, Kathleen McNamara, Judge, Individual Capacity, Ann Lynch, Judge,

**Individual Capacity, Omar Williams, Judge, Individual Capacity, David Carlucci, Prosecuting Atty, Individual Capacity, Charity Hemingway, Assistant Public Defender, Individual Capacity, Sara Greene, Individual, Official Capacity, Milton Walsh, Asst Supervisory Public Defender, Individual Capacity, Pat Callahan, Chief Probation Officer, Individual Capacity, Channon Elzia, Probation Office, Individual Capacity, Miriam Mendoza, Probation Officer, Individual Capacity, Jeffrey Mehias, Chief Probation Officer, Individual Capacity, Doe, Chief Public Defender, Dpty Chief States Atty, States Atty, Individual Capacity, Adam B. Scott, Asst. Supervisory States Atty, Individual Capacity, Sarah Greene, Prosecuting Atty, Individual Capacity, Doe, Chief Public Defender, Dpty Chief Public Defender, Public Defender, Individual Capacity, Doe, Executive Director CSSD, Director CSSD Adult Probation, Dpty Director CSSD Adult Probation, Regional Manager CSSD Adult Probation, Official Capacity, Individual,**

*Defendants-Appellees*,

**Adam B. Scott, Asst. Supervisory States Atty, Individual Capacity, Cornell Scott, Grant St Partnership, William Krahe,**

2

**LCSW, Maura Fisher, APRN, Jason Spann, LCSW, Dayna Djonne, Midwestern Connecticut Council on Alcoholism, (MCCA), Chevier, Ms., Individual, Official Capacity, Jane Doe, Individual, Official Capacity, CSSD, Adult Probation, Department of Corrections, Board of Pardons and Paroles,**

*Defendants.*

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Jeffrey Schlosser, pro se, Suffield, CT. |
| **FOR DEFENDANTS-APPELLEES:** | No appearance. |

Appeal from an order of the United States District Court for the District of Connecticut (Stefan R. Underhill, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Because we write primarily for the parties, we assume familiarity with the facts, issues, and procedural history, and recite only what is necessary to explain

3

our disposition. In 2020, plaintiff Jeffrey Schlosser, a Connecticut prisoner proceeding pro se, sued various officials raising constitutional and statutory violations claiming, among other allegations, that probation officers unlawfully disclosed his private health information. The district court screened Schlosser's complaint under 28 U.S.C. § 1915A and dismissed for failure to state a claim. Schlosser appealed, and we affirmed the dismissal in a published opinion. *See Schlosser v. Kwak*, 16 F.4th 1078, 1081–83 (2d Cir. 2021).

Almost a year and a half later, in March 2023, Schlosser moved to amend his complaint and to reopen the judgment. In support, he argued that he had been denied meaningful access to the state courts and that the district court had improperly screened his complaint. The district court denied relief, reasoning that the motion to reopen—which the court construed as arising under Federal Rule of Civil Procedure 60(b)(6), and which was filed 32 months after the judgment was entered—was not filed within a "reasonable time" and was otherwise without merit. *Schlosser v. Kwak*, No. 3:20-cv-393, 2023 WL 2758352, at *1–2 (D. Conn. Apr. 3, 2023). Schlosser appealed.

4

As a threshold matter, we note that Schlosser's appellate brief focuses at length on his underlying substantive claims but fails to address the basis for the district court's denial of Rule 60(b) relief. We generally do not review the merits of the underlying judgment in an appeal from a denial of a Rule 60(b) motion filed more than 28 days after the entry of judgment. Fed. R. App. P. 4(a)(4)(A)(vi); *see Browder v. Director, Dep't of Corr.*, 434 U.S. 257, 263 n.7 (1978); *"R" Best Produce, Inc. v. DiSapio*, 540 F.3d 115, 121–22 (2d Cir. 2008). Because Schlosser did not address the district court's decisions on the timeliness and merits of his Rule 60(b) motion, any challenge has been abandoned, and we could affirm on that basis alone.[1] *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995) (pro se litigant abandons issue by failing to address it in his appellate brief).

Were we to give Schlosser's brief an extremely liberal construction and excuse his forfeiture, *see Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d

---

[1] To the extent that his brief is intended to challenge the denial of leave to amend, "it would be contradictory to entertain a motion to amend the complaint" without "a valid basis to vacate the previously entered judgment." *Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf*, 930 F.2d 240, 245 (2d Cir. 1991). Thus, Schlosser could not amend his complaint unless the judgment is vacated.

Cir. 2006) (per curiam), we would conclude that the district court did not abuse its discretion by deciding that Schlosser's Rule 60(b) motion was not timely. *See Thai-Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic*, 864 F.3d 172, 181–82 (2d Cir. 2017). A motion under Rule 60(b)(6) must be filed "within a reasonable time." Fed. R. Civ. P. 60(c)(1). Whether a motion was made in a "reasonable time" is "determined based on the particular circumstances of the case," accounting for the "reason for any delay, the possible prejudice to the non-moving party, and the interests of finality." *Thai-Lao Lignite*, 864 F.3d at 182 (internal citations and quotation marks omitted).

Relying on several of our prior decisions, the district court concluded that Schlosser's motion, filed nearly three years after entry of judgment and sixteen months after his appeal concluded, was not filed within a "reasonable" time. *Schlosser*, 2023 WL 2758352, at \*1. The court relied on, among other decisions, *Kellogg v. Strack*, 269 F.3d 100, 104 (2d Cir. 2001) (per curiam), which deemed a 26-month delay "patently unreasonable." A finding that this 32-month delay was unreasonable is thus "within the range of permissible decisions" and does not

amount to an abuse of discretion.  *Thai-Lao Lignite*, 864 F.3d at 181.[2]

Schlosser's remaining arguments are unavailing or without merit.

Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] We otherwise agree with the district court that Schlosser's motion was without merit, for substantially the reasons stated by the district court.  *See Schlosser*, 2023 WL 2758352, at *2.