23-441-cv
Jean-Baptiste v. United States Department of Justice

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.   CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of March, two thousand twenty-four.

PRESENT:
> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
> ALISON J. NATHAN,
> *Circuit Judges.*

_____

Harold Jean-Baptiste,

> *Plaintiff-Appellant,*

> v.                                                    23-441

United States Department of Justice, Merrick B. Garland, Federal Bureau of Investigation, Christopher Wray, Director of the Federal Bureau of Investigations, in his official capacity, City of

**New York, Mayor Eric L. Adams, in his official capacity, Police Commissioner Keechant Sewell, in his official capacity, Corporation Counsel of the City of New York, Office of the Attorney General of the State of New York, Damian Williams, United States Attorney,**

*Defendants-Appellees.*

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Harold Jean-Baptiste, pro se, Rosedale, NY. |
| **FOR CITY DEFENDANTS-APPELLEES:** | Melanie T. West, Lauren L. O'Brien, *for* Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, New York, NY. |
| **FOR FEDERAL DEFENDANTS-APPELLEES:** | Brandon H. Cowart, Christopher Connolly, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Broderick, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

In the district court, pro se litigant Harold Jean-Baptiste alleged that the Federal Bureau of Investigation (FBI) conspired with a private car-transportation company to frame him for violating New York's vehicle registration law. He also claimed that the FBI instructed the New York Police Department to deny his application for a gun license, violating his Second Amendment rights. The district court dismissed his claims against all defendants for failure to properly serve, dismissed his Second Amendment claim for lack of standing, and concluded that his claims were without merit in any event. Jean-Baptiste timely appealed. We assume the parties' familiarity with the remaining facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

As an initial matter, Jean-Baptiste's appellate brief does not address the dismissal of his Second Amendment claim. While pro se briefs are liberally construed, *see McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017),

they still must provide "a clear statement of the issues on appeal," *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998). Jean-Baptiste's brief fails to do so, and we therefore consider his Second Amendment claim abandoned. *See Gerstenbluth v. Credit Suisse Sec. (USA) LLC*, 728 F.3d 139, 142 n.4 (2d Cir. 2013).

Moreover, in his brief, Jean-Baptiste argues only that the defendants waived proper service by appearing in the suit, which he alleges showed that they received the summons and complaint. But as the district court explained, actual notice does not cure improper service. *See Martin v. N.Y. State Dep't of Mental Hygiene*, 588 F.2d 371, 373 (2d Cir. 1978) ("A showing that the defendant has had actual notice of the lawsuit is not sufficient to bar a motion to dismiss[.]"); *see also United States v. Thompson*, 921 F.3d 82, 87 (2d Cir. 2019) (same, under New York law). Similarly, while Jean-Baptiste contends that he served the government entities by mail, the district court observed that he did not do so in compliance with N.Y. C.P.L.R. § 312-a(a), a finding he does not challenge. Because he raises no other challenge to the improper service issue in his appellate brief, we may affirm on that basis alone. *See LoSacco v. City of Middletown*, 71 F. 3d 88, 92–93 (2d Cir. 1995).

4

In any case, we may also affirm on the basis that Jean-Baptiste's non-Second-Amendment claims are without merit. We review a dismissal for failure to state a claim *de novo*, "accepting as true all of the complaint's well-pleaded facts." *Washington v. Barr*, 925 F.3d 109, 113 (2d Cir. 2019). Here, Jean-Baptiste did not plead sufficient facts to state a valid Fourth Amendment claim premised on the alleged monitoring of his laptop. He also did not plead non-conclusory facts suggesting that any conduct was motivated by unlawful discrimination or unconstitutional conduct, and neither the federal statutes he cited, nor the Ninth Amendment, provides an independent source of substantive rights. *See United Bhd. of Carpenters & Joiners of Am., Loc. 610, AFL-CIO v. Scott*, 463 U.S. 825, 833 (1983) (addressing § 1985(3)); *Phillips v. City of New York*, 775 F.3d 538, 544 (2d Cir. 2015) (Ninth Amendment); *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999) (§ 1983).

Jean-Baptiste also relied on various federal criminal statutes, but none are enforceable by a private citizen. *See Schlosser v. Kwak*, 16 F.4th 1078, 1083 (2d Cir. 2021); *see also Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994).

Finally, Jean-Baptiste has not shown that the district court was biased against him or denied him access to the courts by dismissing his claims. An

5

unfavorable ruling by itself is not grounds for a claim of bias, and nothing indicates that Jean-Baptiste's access to the courts was obstructed or impeded in any way. *See Liteky v. United States*, 510 U.S. 540, 555 (1994).

We have considered Jean-Baptiste's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court